IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARCO J. THOMAS,          )<br>     Plaintiff,              )<br>                                )<br>          v.                     )<br>                                )<br>JOHN E. POTTER,           )<br>     Defendant.            ) | Case No. 1:06cv377 |

**ORDER**

The matter came before the Court on defendant Potter's motion for summary judgment [Docket #76]. Plaintiff, Marco J. Thomas, proceeding *pro se*, alleges that his former employer, the United States Postal Service ("USPS"), discriminated against him based on his disability, age, and race; unlawfully suspended him in retaliation for his prior Equal Employment Opportunity ("EEO") activity; and subjected him to a hostile work environment. Potter has moved for summary judgment claiming that (a) Thomas cannot establish a *prima facie* case of disability discrimination because he is not a "qualified individual with a disability"; (b) Thomas has adduced no evidence of age discrimination; (c) Thomas waived his race discrimination claim by failing to raise it during the EEO administrative hearings; (d) Thomas was not subject to any unlawful retaliation because the USPS had legitimate, non-discriminatory reasons for its actions; and (e) Thomas was never subject to severe or pervasive harassment that created a hostile work environment. Thomas was given the opportunity to file responsive materials, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and did so by filing a timely response. Accordingly, the matter is now ripe for disposition.

**I.**[1]

Thomas was employed as a City Letter Carrier for the Arlington Main Post Office, in Arlington, Virginia. This position required that Thomas "case" all classes of mail in sequence of delivery; withdraw mail from the distribution case and organize it for efficient delivery; deliver mail; collect mail; and deposit collected mail in the post office.

On or about January 29, 2003, Thomas filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") alleging six instances of discrimination by the USPS based on either his mental disability (stress or anxiety), age (over 40), race (African-American), or in retaliation for engaging in prior EEO activity. On April 3, 2003, the USPS EEOC notified Thomas that it would accept for investigation four of the six incidents raised in his complaint. Specifically, the EEO would investigate Thomas's claims of discrimination based on mental disability, age and retaliation that occurred when:

(1)   On September 16, 2002, plaintiff's request for Leave Without Pay in lieu of annual or sick leave for the period September 5, 2002 until further notice was disapproved;

(2)   On December 9, 2002, plaintiff reported for duty as scheduled and was yelled at in front of fellow employees to get off the work-room floor and return at 10:00 a.m.;

(3)   On December 2, 2002, after returning from an appointment from the United States Postal Service Medical Unit, plaintiff was advised that his reporting time had been changed from 7:00 a.m. to 9:00 a.m. that day thus making the job related appointment off-the-clock; and

(4)   On February 10, 2003, plaintiff received a notice of 14-day suspension.

---

[1]The facts recited here are derived from the record as a whole, pursuant to Rule 56, Fed. R. Civ. P., and are largely undisputed. Where disputes exist, they are noted and, if material, the facts are construed favorably to plaintiff, as required. *See Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Thomas's other claims were either dismissed for failure to state a claim or for failure to administratively exhaust the claim. Specifically dismissed were Thomas's claims that (i) on December 2, 2002, he was harassed by management officials about his work performance on a new work assignment; (ii) on October 28 and 29, 2002, he was harassed by management officials about his work performance on a new work assignment; and (iii) he was subject to race discrimination.

At the time of the partial dismissal, the EEOC advised Thomas to present to the Administrative Judge ("AJ") any objections to the claim dismissals. Furthermore, the EEOC Order explained that "[i]f the complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be waived." Thomas did not challenge the dismissal of certain of his claims and accordingly, the AJ deemed these claims waived.

On June 2, 2005, the AJ dismissed Thomas's formal complaint for untimeliness. And, on June 7, 2005, the USPS entered a Notice of Final Action implementing the Administrative Judge's decision.

Thereafter, Thomas, proceeding *pro se*, filed this suit against defendant Potter, Postmaster General of the USPS, alleging that he was subject to: discrimination based on his mental disability (stress, anxiety, and depression), age (over 40), race (African-American); retaliation for prior EEO activity; and a hostile work environment. In particular, Thomas relies on the six incidents of discrimination and retaliation he raised before the USPS EEOC.

On August 22, 2006, Potter filed a motion for summary judgment arguing that these incidents did not result from unlawful discrimination or retaliation, but rather, resulted from

Thomas's repeated failure to follow instructions, report to work, and perform his duties adequately.

## II.

The summary judgment standard is well-established. Under Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate where, on the basis of undisputed material facts, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Importantly, to defeat summary judgment the non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth specific facts showing a genuine issue for trial. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### A.

To begin with, Thomas alleges a claim of disability discrimination under the Rehabilitation Act of 1973 (the "Rehabilitation Act"). 29 U.S.C. § 790 *et seq*. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination . . . by the United States Postal Service." 29 U.S.C. § 794(a). Thus, as a threshold matter, a plaintiff must prove he is disabled, as defined by the Rehabilitation Act. *Newby v. Whitman*, 340 F. Supp. 2d 637, 652 (M.D.N.C. 2004). Next, the plaintiff bears the additional burden of establishing that he is "otherwise qualified to perform the essential functions of the position with or without reasonable accommodation." *Id.* (*citing Hooven-Lewis v. Caldera*, 249 F.3d 259, 268-69 (4th Cir. 2001).

The first issue, then, is whether plaintiff is disabled. Under the Rehabilitation Act, an individual is disabled if he "has a physical or mental impairment which substantially limits one

or more of such person's major life activities."[2]  29 U.S.C. § 705(20)(B)(i).  In evaluating a claim of disability, plaintiff must do more than "merely submit evidence of a medical diagnosis of impairment."  *Toyota Motor Mfg.*, 534 U.S. 184, 198 (2002).[3]  Instead, he must offer "evidence that the extent of the limitation [caused by the impairment] in terms of their own experience . . . is substantial."  *Id.*

The summary judgment record reflects that Thomas is not disabled because his alleged stress and general anxiety disorder[4] do not amount to a physical or mental impairment that substantially limits a major life activity.  The Supreme Court has not yet addressed the issue of whether working constitutes a major life activity.  *See Taylor v. Federal Express Corp.*, 429 F.3d 461, 463 (4th Cir. 2005).  Yet, assuming it does, as some courts have suggested,[5] Thomas's claim

---

[2] The Rehabilitation Act also provides that an individual is disabled if he "has a record of such [mental] impairment" or "is regarded as having such [mental] impairment." 29 U.S.C. § 705(20)(B)(ii) and (iii).  Thomas has not alleged nor provided evidence that he has a record of mental impairment or is regarded as having a mental impairment; thus, Thomas's claim of disability discrimination is evaluated under 29 U.S.C. § 705(20)(B)(i).

[3] While *Toyota*, and other cases here cited, address the Americans with Disabilities Act ("ADA"), the ADA and the Rehabilitation Act are construed to impose the same requirements.  *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

[4] Not addressed here are the merits of Thomas's claim of discrimination based on his depression, as this claim was not raised or exhausted before the EEOC.  *See* 42 U.S.C. § 2000e-16(c) (prior to filing a claim under either Title VII or the Rehabilitation Act, a claimant must pursue and exhaust his administrative remedies); *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (stating that a plaintiff lacks standing to sue if he has failed to exhaust available administrative remedies).

[5] *See Mahon v. Crowell,* 295 F.3d 585, 590 (6th Cir. 2002) (treating work as a major life activity when a complainant cannot show that they are substantially impaired in any other major life activity"); *Thompson v. Potter*, No. C2-04-291, 2006 U.S. Dist. LEXIS 13133, at *n.33 (S.D. Ohio 2006) (noting that "[i]n *Williams*, the Supreme Court explained that 'working' could, on occasion, be considered 'a major life activity'"), 29 C.F.R. § 1630.2(i) ("Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing,

still fails. This is so because Thomas did not claim that he is impaired in his ability to work; to the contrary, Thomas repeatedly asserts that he can work as a letter carrier with a 40-hour work week. Thomas's real complaint appears to be that the USPS assigned him too much work to complete in an eight hour day. Such a claim is insufficient to constitute a disability. *Carroll v. Xerox Corp.*, 294 F.3d 231, 240 (1st Cir. 2002) (finding that the inability to handle the workload of a particular position does not constitute a substantial limitation on the major life activity of working); *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683 (4th Cir. 1997) (finding that the inability to perform one essential function of the job does not constitute a substantial limitation on the major life activity of working). Accordingly, Thomas has not established that his anxiety and stress rose to the level of a disability substantially limiting a major life activity.[6]  *See* 29 U.S.C. § 705(20)(B). Therefore, Thomas is not disabled under the Rehabilitation Act and summary judgment is appropriate.

**B.**

Thomas next claims he was the victim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") when after he turned forty, his supervisors expected him to work as hard as workers in their thirties. The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate

---

speaking, breathing, learning, and working.").

[6]While the Social Security Administration has found Thomas totally disabled within the meaning of the Social Security Act, its determination of disability is not controlling here. *See Weiler v. Household Fin. Corp.,* 101 F.3d 519, 523-24 (7th Cir.1996) (explaining that "[b]ecause the ADA's determination of disability and a determination under the Social Security disability system diverge significantly in their respective legal standards and statutory intent, determinations made by the Social Security Administration concerning disability are not dispositive findings for claims arising under the ADA").

against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623.  Under the ADEA, "the plaintiff bears the burden of proving that age was a determining factor in the relevant employment decisions." *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004).

Thomas's age discrimination claim is essentially a request for *preferential* treatment because of his age, not a claim for redress of disparate treatment.  The ADEA "requires employers to ignore an employee's age," *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993); it does not, as Thomas urges, require employer's to make accommodations for an employee's rising age.  Put differently, the ADEA does not prohibit employers from requiring employees in their forties to work as hard as those in their thirties.  Thus, Thomas does not assert a cognizable claim under the ADEA and summary judgment is appropriate.

## C.

Thomas further claims he was subject to racial discrimination.  On January 29, 2003, Thomas filled out an EEO Complaint of Discrimination form, which requires the complainant to check off the types of discrimination allegedly suffered.  Thomas checked off the "Race" category, but did not allege any specific facts of racial discrimination.  Moreover, Thomas's Formal Complaint omits the allegation of racial discrimination.  Specifically, it states that he was "the victim of employment discrimination with respect to the terms, conditions and privileges of his employment on account of his age (D.O.B. 1962), mental disability (stress), and in [sic] because he participated in prior EEO activity."  Accordingly, neither the EEO Investigation Report, nor the EEO Dispute Resolution Specialist's Inquiry Report, address Thomas's claim of racial discrimination.  Thus, Thomas has not asserted, or administratively exhausted his claim of

racial discrimination before the EEOC. Accordingly, Thomas's claim of racial discrimination must be dismissed. *Ford v. Kelso*, No. N-93-1499, 1994 U.S. Dist. LEXIS 21282, at *7 (D. Md. 1994) ("Failure to exhaust administrative-remedies bars a subsequent civil action by a federal employee alleging employment discrimination.").

**D.**

Additionally, Thomas claims he was subject to unlawful retaliation when he was suspended, on February 10, 2003. Claims of retaliation are subject to the *McDonnell-Douglas* burden-shifting regime. *See Laughlin v. Metro. Washington Airport Auth.*, 149 F.3d 253, 258 (4th Cir. 1998). Thus, to state a *prima facie* case of retaliation Thomas must establish that "he engaged in a protected activity, that the [USPS] took an adverse action against him, and that a causal relationship existed between his protected activity and the [USPS's] adverse action." *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006). If he establishes a *prima facie* case of retaliation, the burden shifts to the USPS to proffer a nonretaliatory reason for its action. *Id.* If the USPS does so, the burden shifts back to Thomas to show that there is a triable issue of fact concerning whether the proffered reason is pretextual. *Id.*

Thomas claims that his February 10, 2003, suspension was issued in retaliation for filing several EEO complaints in December 2002. The record reveals that in January 2003, Thomas's supervisor, Mark Johnson, issued Thomas a Notice of Fourteen Day Suspension for (i) unsatisfactory performance, (ii) failure to follow instructions, and (iii) failure to complete the delivery of mail as scheduled on December 2, 2002. The record contains Johnson's affidavit denying any knowledge of Thomas's prior EEO activity at the time of the suspension. Significantly, Thomas has not offered a scintilla of evidence to contradict Johnson's statement.

Thomas's mere assertion, without more, that Johnson did have such knowledge does not have sufficient "probative force to reflect a genuine issue of material fact." *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) (dismissing plaintiff's discrimination because "[c]onclusory assertions that [an employer's] state of mind and motivation are in dispute are not enough to withstand summary judgment"). Accordingly, summary judgment is appropriate.[7]

### E.

Finally, Thomas asserts that he was subject to a hostile work environment. To state a claim of a hostile work environment, Thomas must demonstrate that (i) he was subject to unwanted harassment; (ii) based on discrimination and/or retaliation; (iii) which was sufficiently severe or pervasive to alter the conditions of his employment; and (iv) there is a basis for imputing liability to the employer. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001); *see generally, Harris v. Forklift Sys.*, 510 U.S. 17 (1993). Analysis of the third factor – the severity or pervasiveness of the harassment – requires consideration of all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Jennings v. Univ. of N.C.*, 444 F.3d 255, 269 (4th Cir. 2006). On summary judgment, the Fourth Circuit applies an objective test to determine "whether a reasonable jury could find the alleged conduct to be actionably severe or pervasive."

---

[7]Furthermore, even assuming that Thomas stated a *prima facie* case of retaliation, summary judgment is appropriate because the record includes legitimate non-discriminatory reasons for Thomas's suspension, *see Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (recognizing that poor job performance is "widely recognized as a valid, non-discriminatory bases for any adverse employment decision"), and nothing in the record suggests the proffered reasons are pretextual.

*Id.* at 270.

Thomas claims he was subject to a hostile work environment because he was criticized for his work performance, received warnings for failing to report to work, and was subject to rude conduct. Put simply, Thomas is complaining about the "ordinary tribulations of the workplace," *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405, 2415 (2006), and viewed objectively, these incidents do not rise to the level of severe or pervasive harassment necessary to state a hostile work environment claim. *See Fragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) ("Title VII is not intended to serve as a work civility code . . . and does not countenance a federal cause of action for unpleasantness.").[8] Thus, summary judgment is appropriate.

For the foregoing reasons, and for good cause,

It is hereby **ORDERED** that Potter's motion for summary judgment is **GRANTED**.

It is further **ORDERED** that Potter's motion to dismiss is **DENIED AS MOOT**.

As this resolves all outstanding issues in this case, the Clerk is **DIRECTED** to place this matter among the ended causes.

Should plaintiff wish to **appeal** this Order, he must do so within sixty (60) days, pursuant

---

[8] *See also, Jennings*, 444 F.3d at 269 (explaining that the alleged "conduct must be extreme to amount to a change in the terms and condition of employment . . . [t]he work environment must have been permeated with discriminatory intimidation, ridicule and insult . . . that was sufficiently severe or pervasive to alter the conditions" of employment and stating that the severe or pervasive requirement is not satisfied by "simple teasing, sporadic use of abusive language, offhand comments, [] jokes, and isolated incidents (unless extremely serious)") (citations omitted).

to Rules 3 and 4, Fed. R. App. P.

      The Clerk is further directed to send a copy of this Order to plaintiff and all counsel of record.

      \_\_\_\_/s/_____

Alexandria, Virginia  
October 3, 2006

T. S. Ellis, III  
United States District Judge